1  David A. Birdsell
   Chapter 7 Panel Trustee
2  216 North Center
   Mesa, Arizona 85201
3  Telephone:  (480) 644-1080
   Facsimile:  (480) 644-1082
4  Email: dab@azbktrustee.com

5

6                  **UNITED STATES BANKRUPTCY COURT**

7                       **DISTRICT OF ARIZONA**

8  In re:                              ) Chapter 7
                                       )
9  TANISHA LEE                         ) Case No.2:14-bk-18339-DPC
                                       )
10          Debtor(s).                 ) Adversary No. 17-ap-00909-DPC
                                       )
11  _____   )
                                       )
12                                     )
   DAVID A. BIRDSELL, Chapter 7 Trustee, )
13                                     ) **TRUSTEE'S COMPLAINT FOR**
                                       ) **REVOCATION OF DEBTOR'S**
14          Plaintiff,                 ) **DISCHARGE, PURSUANT TO 11 U.S.C. §**
   vs.                                 ) **727(d)(3)**
15                                     )
   TANISHA LEE                         )
16                                     )
17          Defendant.                 )
                                       )
18                                     )
   _____   )
19  David A. Birdsell ("<u>Plaintiff</u>" or "<u>Trustee</u>"), as and for his complaint against TANISHA LEE
20  ("<u>Debtor</u>" or "<u>Defendant</u>"), alleges as follows:

21                       **<u>GENERAL ALLEGATIONS</u>**

22                       **<u>JURISDICTION AND VENUE</u>**

23      1.     This adversary proceeding is brought in connection with the above-captioned case

24  pending under Chapter 7 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

25

26

2. Jurisdiction is vested in this Court by virtue of 28 U.S.C. §§ 1334, 151 and 157 and General Order No. 01-15 of the United States District Court of the District of Arizona and 11 U.S.C. § 727.

3. Venue is proper pursuant to 28 U.S.C. § 1409(a).

4. This is a core proceeding under 28 U.S.C. § 157(b).

5. Pursuant to Fed.R.Bankr.P. 7001, proceedings to revoke a debtor's discharge are adversary proceedings governed by Part VII of the Bankruptcy Rules.

6. The Trustee is permitted to bring this adversary action on behalf of the estate, pursuant to Fed.R.Bankr.P. 6009.

## GENERAL ALLEGATIONS

7. On December 16, 2014 ("Petition Date"), the Debtor filed her voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

8. Mr. Birdsell is the duly appointed Chapter 7 trustee of Debtor's bankruptcy case.

9. The Debtor refused to provide turnover of the Estate's pro-rata portion of the Debtor's 2014 tax refunds in the amount of $3,946.85.

10. The amount of these tax refunds are property of the bankruptcy estate.

11. Despite prior demands for turnover, the Debtor did not turn over the Estate's pro-rata share of the Debtor's 2014 Federal and State Tax refunds in the amount of $3,946.85.

12. The Trustee filed a *Motion for Turnover of Bankruptcy Estate Property, Pursuant to 11 U.S.C § 542* on August 30, 2016 at Docket No. #61 (the "Turnover Motion") to compel the Debtor to turn-over complete the Estate's pro-rata share of the Debtor's 2014 Federal and State Tax refunds in the amount of $3,946.85.

13. The Debtor did not respond to the Turnover Motion.

14. On December 19, 2015, the Court entered its *Order Approving Motion for Turnover of Bankruptcy Estate Property, Pursuant to 11 U.S.C. § 542* at Docket No. #69 ("Turnover Order").

15. Pursuant to the Turnover Order, the Debtor is required to turn-over the Estate's pro-rata share of the Debtor's 2014 Federal and State Tax refunds in the amount of $3,946.85.

16. On or about December 21, 2016, Trustee sent a letter to Debtor along with the Turnover Order and demanding turnover of the Estate's pro-rata share of the Debtor's 2014 Federal and State Tax refunds in the amount of $3,946.85.

17. The Debtor has not turned over the Estate's pro-rata share of the Debtor's 2014 Federal and State Tax refunds in the amount of $3,946.85.

18. The Debtor has failed to comply with the Turnover Order, because the Debtor has not turned over the Estate's pro-rata share of the Debtor's 2014 Federal and State Tax refunds in the amount of $3,946.85.

19. **COUNT ONE**

**THE DEBTOR'S DISCHARGE SHOULD BE REVOKED**

**[11 U.S.C. § 727(d)(3)]**

20. The Trustee incorporates by reference all the allegations contained in the preceding paragraphs above as though fully set forth herein.

21. Pursuant to 11 U.S.C. § 727(d)(3), the Court shall revoke a debtor's discharge if a debtor has refused to obey any lawful order of the Court.

22. The Debtor has failed to comply with this Court's Turnover Order because she has refused to turn over the Estate's pro-rata share of the Debtor's 2014 Federal and State Tax refunds in the amount of $3,946.85.

23. Accordingly, the Debtor's discharge should be revoked, pursuant to 11 U.S.C. § 727(d)(3).

1  WHEREFORE, the Trustee respectfully requests the Court enter judgment against the

2  Debtor as follows:

3  A.  Revoking Debtor's discharge, pursuant to 11 U.S.C. § 727 (d)(3); and

4  B.  For such other and further relief as the Court deems just and proper under the

5  circumstances of this case.

6  Respectfully submitted this 6th day of January, 2017.

7

8

9                                DAVID A. BIRDSELL, Chapter 7 Trustee

10

11                               /s/David A. Birdsell

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26